**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 03 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



JOHN ALLEN RAINWATER,

Plaintiff - Appellant,

v.

JOHN McGINNESS, Sheriff,

Defendant - Appellee.

No. 12-16992

D.C. No. 2:11-cv-00030-GGH

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Gregory G. Hollows, Magistrate Judge, Presiding[**]

Submitted February 18, 2014[***]

Before:    ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

John Allen Rainwater appeals pro se from the district court's summary

judgment in his 42 U.S.C. § 1983 action alleging constitutional violations during

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

his detention in the Sacramento County Jail pursuant to California's Sexually Violent Predator Act ("SVP Act"). We review de novo, *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment because, even assuming that a constitutional deprivation occurred, Rainwater failed to raise a genuine dispute of material fact as to whether any such constitutional deprivation resulted from an official county custom or policy, whether McGinness was personally involved in any constitutional violation, or whether there was a causal connection between McGinness's conduct and any such violation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978) (requirements for municipal liability); *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (requirements for supervisory liability); *see also Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989) (party opposing summary judgment must present "significant probative evidence tending to support its claim that material, triable issues of fact remain" (citation and internal quotation marks omitted)).

We reject Rainwater's contention that his detention in a jail pursuant to the SVP Act is unconstitutional. *See Jones*, 393 F.3d at 932 (declining to hold that involuntary civil commitment detainees cannot be housed in jail).

We also reject Rainwater's contention that he raised a genuine dispute of material fact based on the "totality of conditions" of his confinement. *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995) (courts generally may not find constitutional violations based on the totality of conditions of confinement).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**